BOLIN, Judge.
The father of a 13-year-old boy seeks medical expenses and damages for injuries received by his son when the boy’s bicycle collided with a car driven by defendant. The lower court rejected plaintiff’s demands for lack of proof and we affirm.
The issue is whether plaintiff proved the automobile-bicycle collision was caused by the fault of defendant automobile driver.
The boy testified that about “dusk dark” he was operating his bicycle on the left shoulder of a two-lane highway. He said defendant’s automobile, traveling in the *390 same direction, struck his bicycle from the rear; that the collision knocked him forward into the left ditch, causing him to lose consciousness. His father, who arrived soon after the wreck, testified his boy was on the right side of the road when he arrived.
The only other witness who testified was defendant who said he was driving along the right side of the highway after dark, about 35 miles per hour, when the boy suddenly rode his bicycle from a driveway on defendant’s right, directly into the path of defendant’s automobile; that he suddenly swerved his car to the left in order to avoid striking the bicycle; that he did not strike the bicycle with the front of his car; and that the bicycle could have struck the rear of his car.
While there was some reference to a policeman having investigated the accident, no evidence of his findings was offered. No photographs were offered depicting the damage to the automobile or the bicycle.
We find the lower court was eminently correct in finding:
“The plaintiff has the burden of establishing causation in the factual structure of the accident. Based on the physical facts and the testimony which the Court heard, the accident could have happened under either set of circumstances. The physical facts are not sufficiently clear to substantiate which way the accident occurred.”
The judgment is affirmed at appellant’s cost.